# EXHIBIT A

Thomas J. Cafferty, Esq.
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
973-596-4863
*Attorneys for Plaintiff*
*Our File No: 111660.82118*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT CATALANELLO,<br><br>       Plaintiff<br><br>v.<br><br>ZACHARY A. KRAMER, THE WASHINGTON UNIVERSITY SCHOOL OF LAW, and WESTERN NEW ENGLAND UNIVERSITY SCHOOL OF LAW,<br><br>       Defendants. | Civil Action No:<br><br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, Robert Catalanello, states as follows:

## NATURE OF THE ACTION

1.     This is an action by Plaintiff, Robert Catalanello ("Plaintiff" or "Catalanello"), for defamation and invasion of privacy arising out of the publication by Defendants, Zachary A. Kramer ("Kramer") and the Washington University School of Law ("Washington"), of false and defamatory statements of and concerning Catalanello, contained in a Washington Law Review Article entitled, "Of Meat and Manhood," with a citation of 89 Wash. U. L. Rev. 287 ("Law Review Article") and the publication by Defendant Kramer and Defendant, Western New England University School of Law ("WNE"), of false and defamatory statements of and

concerning Catalanello made during a lecture given by Kramer at WNE entitled "Of Meat and Manhood/The New Sex Discrimination" ("Lecture").

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332 insofar as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. 1391(b)(2) because Plaintiff resides in New Jersey; the Law Review Article was disseminated over the Internet and, therefore, published in New Jersey; Plaintiff's reputation was injured in New Jersey; and Defendants are subject to personal jurisdiction in New Jersey.

4. The law of Missouri governs the substantive issues in Counts One, Two and Three of this matter because, pursuant to New Jersey's Choice of Law doctrine, that is the State with the most significant relationship to Defendants' actions relevant to those Counts. Defendant Washington is located in Missouri; the Law Review Article was drafted and initially published in Missouri; the print copy of the Law Review Article is housed at Washington, which is located in Missouri; and Plaintiff's reputation was injured in Missouri.

5. The law of Massachusetts governs the substantive issues in Counts Four, Five and Six of this matter because, pursuant to New Jersey's Choice of Law doctrine, that is the State with the most significant relationship to Defendants' actions relevant to those Counts. Defendant WNE is located in Massachusetts, the lecture given by Kramer took place in Massachusetts, it is Plaintiff's understanding and belief that the video of the lecture is housed at WNE, which is located in Massachusetts, and Plaintiff's reputation was injured in Massachusetts.

## THE PARTIES

6. Catalanello, residing in the Borough of Madison, in the County of Morris, in the State of New Jersey, is a managing director at Crédit Agricole CIB (formally known as Calyon).

7. Kramer is currently an Associate Dean for Intellectual Life and a professor of law at the Sandra Day O'Connor College of Law in Tempe, Arizona. Upon information and belief, Kramer currently resides in the State of Arizona.

8. Washington is a law school located in St Louis, Missouri.

9. WNE is a law school located in Springfield, Massachusetts.

## COUNT I
### (DEFAMATION-applicable to Defendant Kramer and Defendant Washington)

10. Catalanello repeats, re-alleges and incorporates the previous paragraphs of this Complaint as though fully set forth herein.

11. On or about March 14, 2011, Defendants wrote and published to others the Law Review Article.

12. On or about March 15, 2012, Defendants revised the Law Review Article.

13. The Law Review Article was published in paperback at Washington and was also published on the Internet.

14. The Law Review Article contains false and defamatory statements of and concerning Plaintiff which include, but are not limited to, the following:

> Catalanello subjected Pacifico to a steady barrage of taunts, insults, and demeaning antics.

> The bulk of the harassment aimed to belittle Pacifico by equating vegetarianism with homosexuality.

> My interest in Pacifico's case has less to do with the particulars of his state law claim - which appears strong on its face - than with the broader implications of

3

#1869248 v2
111660-82118

the discrimination he faced in the workplace...

...vegetarianism and sexual orientation merely served as proxies for the real reason Catalanello and others discriminated against Pacifico - he failed to conform to their idea of how a "real" man is supposed to look and act.

...the discrimination faced by Pacifico is really sex discrimination in the form of gender stereotyping.

...Catalanello viewed Pacifico's vegetarianism as a proxy for effeminacy.

...Catalanello started to harass Pacifico as soon as he learned that Pacifico was vegetarian.

For Catalanello, the easiest way to belittle Pacifico - and perhaps the most harmful way do so in their particular workplace setting - was to call him gay. By doing so, Catalanello was relying on the stereotype, which is deeply rooted in our culture, that gay men are "fairies" and "sissies" and altogether not manly men.

Pacifico worked on Wall Street, a stronghold of machismo culture, and Pacifico's firm seemed to fit that mold.

On numerous occasions the firm's masculine culture revealed itself in conversations about where and what to eat.

Knowing full well that Pacifico was vegetarian, Catalanello purposely sought to punish Pacifico by refusing to order anything but meat for work-related meals...

Catalanello's attitude about Pacifico's vegetarianism - that is, his animosity toward Pacifico's vegetarianism - is rooted in a gender stereotype about manliness.

Catalanello picked on Pacifico because he thought that Pacifico did not eat what a "real" man is supposed to eat.

According to Catalanello's worldview, a man is expected to be masculine and one way in which he should express his masculinity is by eating meat. Catalanello targeted Pacifico because he did not live up to this standard.

Catalanello harassed Pacifico not because Pacifico is vegetarian, but because Pacifico was not sufficiently masculine. The key here is that vegetarianism acts a proxy for effeminacy.

Antigay slurs and putdowns also played a significant role in harassment suffered by Pacifico. True, the words "gay" and "homo" are not intrinsically harmful labels. But in the context in which Catalanello used these words, he certainly meant it to demean Pacifico. And it is telling that Catalanello used food as a springboard to attack Pacifico's manliness, as food often serves as a powerful metaphor for our cultural attitudes about manliness and sexuality.

4

> By taking aim at Pacifico's dietary preferences, Catalanello was engaging in a familiar practice by which heterosexual men try to make other heterosexual men seem insufficiently masculine.
>
> ...Catalanello called Pacifico "gay" and "homo" because this is an easy and, unfortunately, all too common way for one heterosexual man to call into question another heterosexual's man masculinity.
>
> For Catalanello, sexual orientation - specifically, homosexuality - is acting as a proxy for what is really going on in Pacifico's case: sex discrimination, in the form of gender stereotyping.
>
> Catalanello thought Pacifico was less of a man because of his vegetarianism, so he treated him as though he were gay.

15. The statements of and concerning Plaintiff contained in Defendants' Law Review Article are false.

16. The statements of and concerning Plaintiff contained in Defendants' Law Review Article are defamatory.

17. Defendants wrote and published the statements of and concerning Plaintiff negligently and/or maliciously and/or with knowledge of their falsity or a high degree of awareness of their probable falsity.

18. The statements of and concerning Plaintiff contained in Defendants' Law Review Article have subjected Plaintiff to contempt, hatred and ridicule and have injured his reputation and otherwise caused serious and permanent injury and damage to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a)  compensatory damages;

(b)  special damages;

(c)  punitive damages;

(d)  attorney's fees and costs; and

(e)  such other relief as this Court deems just and proper.

#1869248 v2
111660-82118

## COUNT II
### (INVASION OF PRIVACY - PUBLICATION OF PRIVATE FACTS-applicable to Defendant Kramer and Defendant Washington)

19. Catalanello repeats, re-alleges and incorporates the previous paragraphs of this Complaint as though fully set forth herein.

20. The statements of and concerning Plaintiff contained in Defendants' Law Review Article disclosed and gave publicity to private facts concerning Plaintiff.

21. The dissemination of those private facts would be highly offensive to a reasonable person.

22. There exists no legitimate public interest in the private facts that Defendants disclosed about Plaintiff in the Law Review Article.

23. The private facts of and concerning Plaintiff contained in Defendants' Law Review Article have caused serious and permanent injury and damage to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a) compensatory damages;

(b) special damages;

(c) punitive damages;

(d) attorney's fees and costs; and

(e) such other relief as this Court deems just and proper.

## COUNT III
### (INVASION OF PRIVACY - FALSE LIGHT-applicable to Defendant Kramer and Defendant Washington)

24. Catalanello repeats, re-alleges and incorporates the previous paragraphs of this Complaint as though fully set forth herein.

25. The statements of and concerning Plaintiff contained in Defendants' Law Review

#1869248 v2
111660-82118

Article are false and placed Plaintiff in a false light.

26. The false light in which Plaintiff was placed would be highly offensive to a reasonable person.

27. The statements of and concerning Plaintiff contained in Defendants' Law Review Article were made negligently and/or maliciously and/or with knowledge of their falsity or with a high degree of awareness of their probable falsity.

28. The statements of and concerning Plaintiff contained in Defendants' Law Review Article have caused serious and permanent injury and damage to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a) compensatory damages;

(b) special damages;

(c) punitive damages;

(d) attorney's fees and costs; and

(e) such other relief as this Court deems just and proper.

## COUNT IV
### (DEFAMATION-applicable to Defendant Kramer and Defendant WNE)

29. Catalanello repeats, re-alleges and incorporates the previous paragraphs of this Complaint as though fully set forth herein.

30. On or about April 10, 2012, Defendant Kramer made and published to others the Lecture.

31. The Lecture was sponsored by WNE and conducted at the Blake Law Center at WNE as part of the Clason Speaker Series.

32. The Lecture was published by WNE, in its entirety, on WNE's website under "School of Law News."

7

#1869248 v2
111660-82118

33. The Lecture contained false and defamatory statements of and concerning Plaintiff which include, but are not limited to, the following:

> Ryan Pacifico was a trader at an investment firm in New York and on Wall Street....He was doing really well...was going to have a fine, stable career, until his boss found out he was vegetarian....This is a real case. I did not make this one up...because I am prone to making things up....This one's real.
>
> So, his boss finds out he's a vegetarian and things just shift drastically for him there. The boss starts calling him, in front of everyone..."gay"... "homo"... "vegetarian homo."
>
> The boss now starts moving all their meetings to steak houses and burger joints....And when someone complains and says, "We shouldn't do this, what's Ryan going to eat," he says, "It's his fault. He's the one who chose to be a vegetarian homo."
>
> The boss...goes up to...Pacifico's desk and says... "You don't eat meat dude...at what point did you realize you were gay?"
>
> He eventually got fired...he took a leave of absence, sick leave and he was fired while on sick leave.
>
> It's vegetarian discrimination...It's kind of sexual orientation discrimination because they are calling him homo and they are...thinking he is gay...At its core, I think it's gender stereotyping.
>
> The big...claim I make in the paper is that sometimes discrimination law manifests as something else. Sometimes a bias will look like something else. There's a proxy going on...when they say... "vegetarian homo" they're not actually calling him gay....They are calling him less of a man.
>
> What's really going on? They think he's a sissy because he's chosen to be more like a woman.
>
> If you have just chosen to act like a woman then you're a giant sissy. Ultimately, what's happening here....What the employer is doing is saying you're not conforming to what we think a man should be. What the Wall Street image of a man is.

34. Defendant, Kramer, specifically identified the Law Review Article wherein Plaintiff was identified by his name.

35. The statements of and concerning Plaintiff contained in the Lecture are false.

8

#1869248 v2
111660-82118

36. The statements of and concerning Plaintiff contained in the Lecture are defamatory.

37. The statements of and concerning Plaintiff contained in the Lecture accuse Plaintiff of being incompetent in his trade or profession.

38. Defendants made and published the statements of and concerning Plaintiff negligently and/or maliciously and/or with knowledge of their falsity or a high degree of awareness of their probable falsity.

39. The statements of and concerning Plaintiff contained in the Lecture have subjected Plaintiff to contempt, hatred and ridicule and have injured his reputation and otherwise caused serious and permanent injury and damage to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a) compensatory damages;

(b) special damages;

(c) punitive damages;

(d) attorney's fees and costs; and

(e) such other relief as this Court deems just and proper.

## COUNT V
### (INVASION OF PRIVACY - PUBLICATION OF PRIVATE FACTS-applicable to Defendant Kramer and Defendant WNE)

40. Catalanello repeats, re-alleges and incorporates the previous paragraphs of this Complaint as though fully set forth herein.

41. The statements of and concerning Plaintiff contained in the Lecture disclosed and gave publicity to private facts concerning Plaintiff.

42. The dissemination of those private facts would be highly offensive to a reasonable

person.

43. There exists no legitimate public interest in the private facts that Defendants disclosed about Plaintiff in the Lecture.

44. The private facts of and concerning Plaintiff contained in the Lecture have caused serious and permanent injury and damage to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a)   compensatory damages;

(b)   special damages;

(c)   punitive damages;

(d)   attorney's fees and costs; and

(e)   such other relief as this Court deems just and proper.

## COUNT VI
### (INVASION OF PRIVACY - FALSE LIGHT-applicable to Defendant Kramer and Defendant WNE)

45. Catalanello repeats, re-alleges and incorporates the previous paragraphs of this Complaint as though fully set forth herein.

46. The statements of and concerning Plaintiff contained the Lecture are false and placed Plaintiff in a false light.

47. The false light in which Plaintiff was placed would be highly offensive to a reasonable person.

48. The statements of and concerning Plaintiff contained in the Lecture were made negligently and/or maliciously and/or with knowledge of their falsity or with a high degree of awareness of their probable falsity.

49. The statements of and concerning Plaintiff contained in the Lecture have caused

10

#1869248 v2
111660-82118

serious and permanent injury and damage to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a)   compensatory damages;

(b)   special damages;

(c)   punitive damages;

(d)   attorney's fees and costs; and

(e)   such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, Catalanello, hereby demands a jury on all issues so triable.


Dated: December 28, 2012           By:   *Thomas J. Cafferty*
                                         Thomas J. Cafferty, Esq.
                                         GIBBONS P.C.
                                         One Gateway Center
                                         Newark, New Jersey 07102
                                         Telephone: 973-596-4863
                                         Facsimile: 973-639-6267
                                         *Attorneys for Plaintiff*

Case 2:12-cv-07904-CCC-JAD Document 1 Filed 12/28/12 Page 12 of 12 PageID: 12

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, Thomas J. Cafferty, Esq., counsel to Plaintiff, Robert Catalanello, certify pursuant to Local Civil Rule 11.2 that to my knowledge the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: December 28, 2012

By: _____
Thomas J. Cafferty, Esq.
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07457
Telephone: 973-596-4863
Facsimile: 973-639-6267
*Attorneys for Plaintiff*

#1869248 v2
111660-82118